**Helen Maxine Levi TRAVIS, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 19628.**

United States Court of Appeals
Ninth Circuit.

Nov. 19, 1965.

Rehearing Denied Jan. 4, 1966.

A. L. Wirin, John T. McTernan, Los Angeles, Cal., for appellant.

J. Walter Yeagley, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Manuel Real, U. S. Atty., Thomas R. Sheridan, Special Asst. U. S. Atty., Kevin T. Maroney, Robt. L. Keuch, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before BARNES and KOELSCH, Circuit Judges, and POWELL, District Judge.

PER CURIAM:

This appeal is from a judgment and conviction for violation of 8 U.S.C. § 1185 (b) and the regulations thereunder, Sections 53.1 through 53.9, Title 22, Code of Federal Regulations as amended. The indictment in two counts charged that on January 22, 1962, and August 18, 1962, the appellant knowingly and willfully departed the United States for Cuba without a valid passport for such travel. A jury trial was waived and appellant was tried by the court on an agreed Stipulation of Facts.

Appellant is an American citizen. At all times pertinent and material she did not bear a valid United States passport specifically endorsed for travel to Cuba. Appellant had knowledge of the provisions of 8 U.S.C. § 1185(b) and 22 CFR 53.2 and 53.3. Appellant made two trips to Cuba from the United States, both via Mexico. She obtained permission of the Cuban government to enter Cuba after her arrival in Mexico. On both occasions of her departure from the United States it was appellant's intention to travel to Cuba.

Zemel v. Rusk, 381 U.S. 1, 85 S.Ct. 1271, 14 L.Ed.2d 179, was decided by the Supreme Court in May, 1965, after this case had been argued. It was a civil action brought to compel the Secretary of State to issue a valid passport for travel to Cuba. The plaintiff there sought to enjoin the enforcement of the same criminal statute and regulations under which appellant here was convicted. The area restrictions on the issuance and use of passports were held constitutional and an authorized delegation of authority to the President and Secretary of State. 381 U.S. pages 7 through 13, 85 S.Ct. 1271. The court declined to pass on the request to enjoin the enforcement of 8 U.S.C. § 1185(b). It stated:

"* * * We hold that on either interpretation of the complaint, the court below was correct in refusing to reach the issue of criminal liability.

"* * * For if we are to avoid rendering a series of advisory opinions, adjudication of the reach and constitutionality of § 215(b) must await a concrete fact situation. * * *" Zemel v. Rusk, 381 U.S. 1, at 19, 20, 85 S.Ct. 1271, at 1282.

Appellant attacks the statute, 8 U.S.C. § 1185 [1] as not authorizing area restrictions, being void as vague and not being cited in the promulgation clause of the

---

1. "(a) When the United States is at war or during the existence of any national emergency proclaimed by the President, or, as to aliens, whenever there exists a state of war between or among two or more states, and the President shall find that the interests of the United States require that restrictions and prohibitions in addition to those provided otherwise than by this section be imposed upon the

amendment to the regulations which is referred to as the "Excluding Cuba" regulation. (22 CFR 53.3).

■■ Area restrictions have long been used and are recognized as valid. 381 U.S. pages 7 through 13, 85 S.Ct. 1271. Section 1185 made it unlawful to depart for Cuba without a valid passport in violation of 22 CFR 53.1–53.9, as amended. A reading of the statute and the regulations demonstrates the plain and unambiguous meaning to be that a person is subject to criminal penalties on leaving the United States for Cuba without a valid passport. That appellant knew this is agreed in the stipulation. The "Excluding Cuba" regulation is an amendment and as originally promulgated, 22 CFR 53.1–53.9, made specific reference to 8 U.S.C. § 1185. We consider the statute and regulations valid against appellant's attack. United States v. Healy, 376 U.S. 75, 82, N. 7, 84 S.Ct. 553, 11 L. Ed.2d 527; Worthy v. Herter, 106 U.S. App.D.C. 153, 270 F.2d 905, 912 (1959); Porter v. Herter, 107 U.S.App.D.C. 400, 278 F.2d 280, 282 (1960); Worthy v. United States, 328 F.2d 386 (5 Cir. 1964).

■ Appellant contends hers was not a departure for Cuba as she did not have that country's consent to enter Cuba when she left the United States. Possible fact situations, including the one here, are suggested in Zemel v. Rusk, 381 U.S. 1, 19, 85 S.Ct. 1271. It is our opinion that appellant did depart from the United States for Cuba without a valid passport in violation of 8 U.S.C. § 1185

(b). We adopt a portion of the opinion of the trial court:

"In the opinion of the court, 'departure from the United States for Cuba' is tantamount to leaving the United States with the intent to go to Cuba, which, it is agreed, the defendant did, and without a valid passport. If the effect of the statute and regulation can be circumvented by a citizen going to another country and there obtaining authority to travel to the excluded country then the intent of Congress would be entirely obviated and the statute and regulation nullified." (T. 123) We affirm.

departure of persons from and their entry into the United States, and shall make public proclamation thereof, it shall, until otherwise ordered by the President or the Congress, be unlawful—

(b) After such proclamation as is provided for in subsection (a) of this section has been made and published and while such proclamation is in force, it shall, except as otherwise provided by the President, and subject to such limitations and exceptions as the President may authorize and prescribe, be unlawful for any

citizen of the United States to depart from or enter, or attempt to depart from or enter, the United States unless he bears a valid passport.

*"Penalties*

(c) Any person who shall willfully violate any of the provisions of this section, or of any order or proclamation of the President promulgated, or of any permit, rule, or regulation issued thereunder, shall, upon conviction, be fined not more than $5,000, or, if a natural person, imprisoned for not more than five years, or both; \* \* \*."